FRANCISCO R. ORSINI, Plaintiff and Appellee, v. JOSÉ SÁNCHEZ PARRA, Defendant and Appellant.

No. 9334. Argued December 6, 1946.—Decided April 22, 1947.

192

*Guillermo S. Pierluisi* and *C. H. Juliá* for appellant.  *R. Arjona Siaca* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

This is an action of unlawful detainer for nonpayment of rent brought in the lower court on October 29, 1945.  The breach of contract alleged by the plaintiff consisted in that the defendant did not pay the monthly rental of $200 corresponding to the month of September, 1945.

Defendant alleged that pursuant to the contract of lease the rental had to be paid on the last day of each month, but that a practice had been established between the parties of making payment within the first five days of the subsequent month; that on October 2, 1945, and on four or five other occasions during the first two weeks of that month, he offered plaintiff a check for $200 for the September rent, which plaintiff refused; that for this reason on October 15 he sent the check by registered mail which plaintiff returned ten days later.  Thereupon, on October 31, defendant went to the Municipal Court of Río Piedras—the property leased was situated within the Municipality of Río Piedras—and there filed a consignation proceeding which, when the answer in this case was filed, was still pending.  He further alleged that on October 31, 1945, he delivered to the plaintiff another check in payment of the rent for that month but that plaintiff again returned it.

The lower court found: That there was not such practice of making payment within the five days after the monthly rent was due, and that although in some instances the payment was made within the first five days it was due to extensions expressly sought by defendant and granted by plaintiff;

that the rental corresponding to the month of September, 1945, was not paid on the last day of the month and that no extension was sought to make payment after the expiration date; that the consignation of the rent corresponding to the month of September made 31 days after it became due, is void; that the payment of the October rental which defendant tried to make after the filing of the complaint was not legal because, since plaintiff had objected to the tender of payment and returned the check to the defendant on November 3, it cannot be considered as a waiver of his right to continue the prosecution of the action; that the rentals of October and November were consigned in the lower court on December 14, 1945, that is, 44 days after the September rent had become due and 14 days after the October rent was due; and that the payment of the December rental was consigned with the clerk of the court on January 10, 1946, that is, ten days after it was due.

Resting on these findings of facts, the lower court rendered judgment for the plaintiff and imposed costs on the defendant including the sum of $200 as attorney's fees.

█ The primary question in this appeal is to determine whether or not the payment into court of the rental of September, 1945, made by defendant in the Municipal Court of Río Piedras, is valid. For the sake of argument only, we shall assume—contrary to the findings of the lower court—that the parties had established the practice of paying the rentals within the first five days of each month subsequent to the expiration date.

Pursuant to § 1445 of the Civil Code, the lessee is bound to pay the price of the lease in the manner agreed upon. Section 1131 of the same Code provides that the consignation shall have no effect when not strictly in accordance with the provisions governing payment. And since in the present case the rental for September, which according to the plaintiff should have been paid not later than October 5, was not paid into court until October 31, said consignation is void and consequently does not have the effect of payment. *Díaz* v.

*Delgado,* 41 P.R.R. 827 and *Martí* v. *District Court,* 51 P.R.R. 826. Furthermore, the record reveals that neither at the date of the trial nor at a subsequent date had the Municipal Court of Río Piedras decided that the consignation was good. Section 1134 of the Civil Code.

▉ Defendant contends that the lower court should have dismissed the action of unlawful detainer because plaintiff accepted the October rental after the filing of the complaint.

In this regard the evidence is conflicting. According to defendant and his witnesses, plaintiff received the check for the month of October and promised to send the receipt later because he did not have his receipt book with him. Plaintiff, on the other hand, testified that one of defendant's witnesses handed him an envelope telling him that it was a letter from defendant; that he took it but did not open it because at that time he was ill and in a hurry to go to the Auxilio Mutuo, but that upon opening the envelope later and realizing that it was the check for the month of October, he immediately returned it to the defendant. The court believed plaintiff's testimony and accepting it as true, we must conclude that the acceptance of the check by the plaintiff under such circumstances did not entitle the defendant to a dismissal of the action for unlawful detainer.

▉ Defendant likewise urges that pursuant to the contract he delivered to the plaintiff a check drawn by the bank Crédito y Ahorro Ponceño to the order of both parties for the amount of $2,000 to secure the performance of the contract. And since plaintiff could have collected from this check the rentals due, he had no right to file the action of unlawful detainer. The fact that plaintiff had this check in his possession, which, incidentally, could not have been cashed without defendant's consent, did not bind him to waive his right to obtain a judgment of unlawful detainer for nonperformance of the contract of lease.

▉ Lastly, in his brief before this Court, appellant prays for the dismissal of the case or that the ejectment be

suspended pursuant to § 12(a) of Act No. 464 of April 25, 1946. We are unable to agree with appellant, for said Section is in suspension while the Federal Emergency Price Control Act of 1942 is in effect. *Latoni v. Municipal Court, ante,* p. 130.

The errors assigned by appellant are nonexistent, and therefore the judgment should be affirmed.